## BUNCH GRAIN COMPANY v. LAW.

### Opinion delivered June 18, 1906.

INSTRUCTION—SHOULD BE BASED ON EVIDENCE.—Where there was no evidence that the plaintiff had released defendant on its contract, it was error to instruct the jury to find for defendant if plaintiff had released him.

Appeal from Ashley Circuit Court; *Zachariah T. Wood,* Judge; reversed.

*Morris M. Cohn,* for appellant; *George W. Norman,* of counsel.

Law was estopped to rely upon the defense of nonperformance of the contract. 5 Ark. 595; 21 Ark. 145. One who claims under an assignment can not attack it. 30 Ark. 453; 52 Ark. 389. Nor can one assume inconsistent positions respecting the same transactions. 36 Ark. 577; 53 Ark. 532; 101 Mass. 193; 26 Wis. 84; 99 Ala. 119; 108 Mass. 50; 45 Ark. 37; 57 Ark. 632, 638; 157 U. S. 198; 156 U. S 180; 11 So. 760; 47 N. W. 986; 49 Ark. 253. By his testimony in the Pryor branch of the case, Law recognized the validity of the contract and his obligation to pay it. He can not now, after having procured Pryor to pay him the $425 on the strength of this testimony, be heard to say that it was not true. 52 Fed. 385; 68 Ia. 703; 35 La. Ann. 743; 72 Tenn. 687; 130 N. Y. 662.

The 5th, 6th and 7th instructions given for defendant are erroneous. 2 Chitty, Contracts, 11 Am. Ed. 913, and cases cited; 35 Am. Dig. Col. 93, and cases cited; 8 Mich. 433; 12 Ore. 81; 35 Ark. 31.

*Robert E. Craig,* for appellee.

The doctrine of estoppel does not apply in this case. There is nothing in the conduct of Law, nor misrepresentation on his part, to induce appellant to act to its prejudice—no concealment of material facts. 16 Cyc. 680; Bigelow on Estop. (Ed. 1872), 480. Estoppel was not pleaded below. One relying on estoppel must plead it specifically and with certainty. 27 Am. St. Rep. 344, note. Authorities cited by appellant are inapplicable to the issues in this case.

BATTLE, J. The T. H. Bunch Grain Company, of Little Rock, Arkansas, in due course of business, on the 13th day of September, 1901, after correspondence with the Portland Oil Mill, at Portland, Arkansas, received from it through its business manager—shown to be such on its stationery—its letter agreeing to deliver to said grain company, during the season, at the rate of a car a day, 500 tons of cotton seed hulls, manufactured by it, at and for the sum of $2.50 per ton, f. o. b. cars at Portland.

After this contract had been made, the date not being given, it was assigned by the grain company to one John C. Law, for $750, $100 of which was cash, and, to use the language of the assignment, Law was "to pay $1.50 per ton in addition to paying the Portland Oil Mill $2.50 per ton. * * * The said John C. Law is to settle with the Bunch Grain Company as often as he settles with the Portland Oil Mill, and is to pay the said $1.50 per ton on each ton of hulls delivered on said contract, until he has paid the said T. H. Bunch Grain Company $750, the full consideration of said contract."

Thereafter, on October 4, 1901, Law assigned said contract to one Ike T. Pryor of Kansas City in the State of Missouri, for a cash consideration of $350, in addition to $650 to be paid to Bunch Grain Company and the $2.50 per ton to be paid to the Portland Oil Mill.

Law having failed to pay the $650 to the Grain Company, it brought an action against him in the Ashley Circuit Court for

the same. Law answered, and admitted the execution of the contract as set out in the complaint, and that it was assigned to him as therein stated, for which, upon the delivery of the hulls by the Portland Oil Mill, and as delivered by said mill, and paid for by him, he was to pay the plaintiff the said sum of $750, upon which he paid $100 leaving the balance due, had said seed been delivered as contracted, the sum of $650, but he avers the said mill never delivered him any of said hulls under said contract. He further averred "that, with the consent and by the advice of plaintiff, he, on the 4th day of October, 1901, for a valuable consideration, transferred the contract to Ike T. Pryor, whom he made a defendant, and made his answer a cross-complaint against him, and averred that Pryor, by reason of his assignment of the contract, assumed the execution of the contract and all of Law's liability to plaintiff for the $650, which he is informed and believes that Pryor failed to pay to plaintiff." He asked that "the judgment herein be rendered against Pryor, or, if it be found, upon the hearing of the evidence, that plaintiff did not agree to accept Pryor for said indebtedness, that he (Law) may have judgment against Pryor for said sum and interest." He afterwards amended his answer by alleging that the Portland Oil Mill never made the contract sued on. He afterwards filed an amended cross-complaint, which did not materially vary from the other, except that there was no claim therein that the mill had refused to deliver the hulls, he therein alleging "that the said Ike T. Pryor neglected and refused to pay, and still refuses to pay, the said sum of $650, either to the Bunch Grain Company or to him, to his damage in said sum of $650 and interest."

The cross-action instituted by the cross-complaint, upon change of venue, was transferred, at Pryor's instance, to the Drew Circuit Court. After there had been two mistrials in the cross-action, Law compromised with Pryor, and, receiving $450 from him, released him from the contract sued on.

A jury trial was had in the main action, which resulted in a verdict for Law.

There was no evidence to prove that the Bunch Grain Company released Law from his contract with it. The cross-complaint and amended cross-complaint were read as evidence to the

jury, and evidence showing the compromise with, and release of, Pryor in the cross-action was also adduced.

And the court instructed the jury, in part, over the objections of the plaintiff, as follows:

"5. If you believe from the evidence in this case that the T. H. Bunch Grain Company, after said contract had been assigned to Law, referred Law to Ike T. Pryor as a probable purchaser, and agreed with Law that if he would transfer said contract to Pryor, and Pryor assumed the amount due plaintiff, and that Law, in pursuance of said agreement, transferred said contract to Pryor, and Pryor agreed to pay him by Law, then Law is absolved from any obligation to plaintiff, and your verdict will be for defendant."

This instruction is clearly wrong and prejudicial.

Reversed and remand for a new trial.